IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL FELIX FINLEY, | CV 23-94-M-DLC-KLD |
| Plaintiff, | |
| vs. | ORDER |
| CONFEDERATED SALISH AND KOOTENAI OFFICIALS, MISSOULA COUNTY OFFICIALS, TOM MCDONALD, LEN TWOTEETH, MARTIN CHARLO, ELLIE BUNDY, CAROLE LANKFORD, JAMES "BING" MATT, JIM MALATARE, MICHALE DOLSON, JENNIFER FINLEY, TRIBAL JUDGE PLUFF, TRIBAL DEFENDER GEORGE MADEMAN, TRIBAL DEFENDER ANN SHERWOOD, JUSTICE OF THE PEAC ALEX BEAL, MISSOULA CITY PROSECUTOR CARRIE GARBER, STATE PUBLIC DEFENDER BRIAN YOWELL, | |
| Defendants. | |

Plaintiff Daniel Felix Finley ("Finley"), a pro se plaintiff, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) Initially, it was unclear whether or not Finley was in custody and if he actually wished to proceed in this Court.

1

Accordingly, Finley was directed to file an amended complaint. (Doc. 4.) On October 2, 2023, Finley filed a motion for leave to proceed in forma pauperis ("IFP"), an amended complaint, and 39-pages of exhibits. *See* (Docs. 5, 6, 6-1.)

Because Finley has made a sufficient showing that he cannot afford to pay the costs associated with this matter, *see* (Doc. 6-1 at 25-39), his motion to proceed IFP will be granted.

It appears Finley has misdemeanor traffic cases currently pending in both the Missoula County Justice Court and the Confederated Salish and Kootenai Tribal Court as a result of Finley purportedly driving while his license was suspended in in February and July of this year. *See* (Doc. 6-1 at 1-23)(various exhibits referencing Missoula County Cause No. CR-610-2023-669 and Tribal Court Cause No. 23-04464-CR). Finley failed to appear for a hearing in the Missoula County matter and was ordered to do so on May 24, 2023. (*Id.* at 1.) Following his July traffic stop, it appears Finley's pickup was towed and impounded. (*Id.* at 3.)

Liberally construed, Finley challenges the stops and seizures that occurred. (Doc. 6 at 6.) He seems to allege that as a tribal member he has not consented to be prosecuted for violations of state traffic law. (*Id.* at 7.) He asserts that neither his tribal defender nor his state defender is adequately representing him, and both have refused to file motions for discovery or argue the merits of the matter on Finley's behalf. (*Id.* at 7-8) It appears both of these matters are currently pending.

As a result of the two proceedings, Finley has lost his vehicle, has trash piling up, has no firewood, and he explains groceries are difficult to obtain on his bicycle. (*Id*. at 8.)  Finley asks this Court to void both of the proceedings.  (*Id*.)

Finley is proceeding in forma pauperis; accordingly, this Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A.  These provisions require the Court to dismiss a complaint filed in forma pauperis against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* Sections 1915A(b) and 1915(e)(2)(B).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under modern pleading standards, Rule 8 requires a complaint to "contain a sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556).  "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than…unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (internal quotation marks omitted).

The Court liberally construes the pleading to determine whether a case should be dismissed for failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis.  *See Jackson v. Arizona*, 885 F. 2d 639, 640 (9th Cir. 1989)(discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded on other grounds by Lopez v. Smith*, 203 F. 3d 1122 (9th Cir. 2000).

This Court will decline to intervene in Finley's ongoing state and tribal proceedings under the *Younger* abstention doctrine.  Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.' " *Id*. at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-(1926)).  "The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983).

*Younger* abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted). A claimant may avoid application of the *Younger* abstention doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971). In practical terms, the *Younger* doctrine means that " 'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' " *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (*quoting Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972)).

This Court's intervention in Finley's ongoing criminal cases is barred by *Younger*. Following a review of the complaint and amended complaint, the Court finds all criteria for *Younger* abstention are met in the present case. First, Finley's state and tribal cases are currently pending as evidenced by the materials Finley has provided the Court. Thus, the matter is ongoing.

Second, both of Finley's criminal proceedings implicate the CSK Tribe's and the State of Montana's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Third, Finley has not demonstrated an inability to raise his constitutional challenges in his state proceedings. He may raise his search and seizure claims and a challenge to the manner in which he has been prosecuted in the tribal and justice courts and on appeal therefrom. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Finally, granting relief in the instant matter would have the practical effect of enjoining Finley's ongoing state and tribal proceedings. He has not shown irreparable injury will occur without this Court's intervention or demonstrated any other extraordinary circumstance. Because there is no compelling reason for this Court to intervene, it will abstain; *Younger* provides a basis for dismissal.

Additionally, Finley fails to state a claim against prosecutors Garber or Myers. Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983

"insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F. 3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F. 3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430-31. Any actions Garber or Myers may have undertaken in relation to Finley's ongoing proceedings are intimately associated with the judicial phase of the criminal process. These defendants are entitled to prosecutorial immunity.

Finley is further advised that the public defenders who have represented him thus far are not state actors for purposes of Section 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)(public defender who is performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding is not acting under color of state law); *Miranda v. Clark Cty. of Nev.*, 319 F. 3d 465, 468 (9th Cir. 2003)(affirming dismissal because the public defender represented the plaintiff's interest during criminal proceeding, not the state's interests). Accordingly, Finley fails to state a claim under § 1983 against Ann Sherwood, George Mademan, or Brian Yowell, for the actions they have undertaken defending Finley in his pending proceedings.

Finally, Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Finley has not identified an act undertaken by either judge that would indicate they acted outside of their respective judicial capacities or without jurisdiction. Accordingly, both named judges are entitled to judicial immunity from suit.

As to the remaining defendants, Finley has failed to link a federal law with specific act(s) undertaken by specific named defendants whom he believed violated that law. Accordingly, he fails to state a claim against defendants: McDonald, Twoteeth, Charlo, Bundy, Lankford, Matt, Malatare, Dolson, Finley, or Pitts.

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other

facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

The *Younger* doctrine directs this Court's abstention.  The ongoing nature of Finley's state and tribal proceedings is not an issue which could be cured by amendment.  Similar, he names defendants who are either immune from suit or are improper parties under 42 U.S.C. § 1983.  Thus, leave to amend would be futile.  This matter will be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Finley's IFP motion (Doc. 5) is GRANTED.  The Clerk of Court is directed to waive payment of the filing fee.

2.  This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies that, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith.

DATED this 5th day of December, 2023.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge